UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | C/A No.:  6:10-CR-00729-GRA |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Harding Hendricks | ) | **CONDITIONAL RELEASE ORDER** |
| | ) | (Written Opinion) |
| _____ | ) | |

This matter comes before the Court on information received from the Bureau of Prisons ("BOP").  On February 10, 2011, the Court held a bench trial on the charge of assaulting and impeding an employee of the United States Postal Service engaged in his official duties, in violation of 18 U.S.C. § 111.  At the conclusion of the trial, the Court found Defendant not guilty by reason of insanity, as defined in 18 U.S.C. § 17.  ECF No. 57. Thereafter, a psychiatric report was prepared and Defendant was committed to a BOP facility for treatment.  ECF Nos. 67, 72.  Throughout his commitment, Defendant has been housed and treated at the Federal Medical Center in Devens, Massachusetts, and a BOP Risk Assessment Panel has prepared annual reports detailing Defendant's medical treatment, behavioral patterns, and mental health.  ECF Nos. 73, 75, 82.

The Panel's most recent report, submitted in November 2014, concluded that Defendant "has recovered from his mental illness to such an extent his conditional release under a prescribed regimen of treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another." ECF No. 82 at 1, 9.  However, the Panel had some marginal concerns about the location of Defendant's residence upon release and concluded that Defendant

continues to meet the criteria for commitment until an appropriate placement is located and approved by the Court.  *Id.* at 7, 9.  In February 2015, the BOP sent the Court a letter indicating that an appropriate residence had been located and recommending that Defendant be released subject to certain conditions.  ECF No. 84-1.  In addition, the BOP submitted a certification of Defendant's improved mental condition and formal request for conditional release.  ECF No. 84.  The United States Probation Office for the District of South Carolina has agreed to accept supervision of Defendant and indicated that the proposed conditions of release appear sufficient to effectively supervise the Defendant.  ECF No. 84-2.

Having considered the BOP's annual risk assessment reports, letter and certification, as well as the record of this case and the position of the parties, the Court finds that Defendant has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of treatment and supervision would no longer create a substantial risk of bodily injury to another person or serious damage to property of another.  Accordingly, pursuant to 18 U.S.C. § 4243(f), the Court **ORDERS** that Defendant be released from custody subject to the following terms and conditions:

1. Mr. Hendricks will reside in his home located at 134 Cashmere Drive, Greenville, South Carolina 29605, telephone number: 864-277-8571.  Any changes in residence must be approved through his United States Probation Officer.

2. Mr. Hendricks shall participate in mental health services with Dr. Sergio Sanchez, 68 Parkway Commons Way, Greer, South Carolina 29650, telephone number:  864-877-5688.  Additionally, he will participate in any other mental health treatment and substance abuse services deemed necessary through an agency approved by the United States Probation Office.  Mr. Hendricks will comply with treatment recommendations made by his probation officer and/or by the mental health professionals.

3. Mr. Hendricks will be monitored by mental health professionals and his probation officer for evidence of psychiatric difficulties and will continue to take medication, which may include injectable medications, as ordered and which may be adjusted by his clinicians. Mr. Hendricks shall be picked up by his U.S. Probation Officer, David Creech, from the Anderson City Jail by 12:45 p.m. on Thursday, June 18, 2015, for his first round of injectable medications since his competency hearing.

4. Upon the recommendation of the medical provider or probation officer, Mr. Michael Hendricks will voluntarily admit himself into a hospital for treatment. If he refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. § 4243(e), (g).

5. Mr. Hendricks will be supervised by the United States Probation Office, District of South Carolina. Currently, Mr. Hendricks's case is assigned to U.S. Probation Officer David M. Creech, telephone number: 864-239-6108. The terms of Defendant's supervision include his voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow the sharing of information with the supervising United States Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

6. Mr. Hendricks will remain under the supervision of the United States Probation Office until he is discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed upon approval of the United States Probation Office.

7. Mr. Hendricks must not have in his possession at any time any actual or imitation firearm, destructive device or other deadly weapon. He shall submit to a search without a warrant at the request of a probation officer or any law enforcement officer of his person or property, including his vehicle or premises, for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

8. Mr. Hendricks shall abstain from the use of alcohol, illegal narcotic substances, and non-prescription drugs. He shall not frequent places known to be the primary place of possession, manufacture or distribution of alcohol or illegal drugs. If determined necessary by the probation

    office, he will participate in substance abuse treatment and be required to participate in random drug and Breathalyzer testing.

9. Upon his initial release, Mr. Hendricks shall comply with a curfew and electronic monitoring device, to be set by USPA David Creech, until Mr. Creech is satisfied that Mr. Hendricks has successfully re-acclimated himself into society.

10. Upon his release, Mr. Hendricks shall abstain from any contact of any manner with the victim, Sergeant David Webb. Additionally, Mr. Hendricks shall have no contact with his personal U.S. mail carrier in any manner. If he has any questions or issues with his mail delivery, he shall direct his concerns to his probation officer or to the main postal office via telephone inquiry.

11. The United States Marshals Service shall be notified to return Mr. Hendricks to the custody of the Attorney General if it is determined that Mr. Hendricks has violated any conditions which are established for him.

12. Mr. Hendricks shall comply with the other standard conditions of release as proposed by the United States Probation Office.

The Clerk is directed to send copies of this Conditional Release Order to counsel of the parties, David M. Creech of the United States Probation Office, and Mr. J. Grondolsky, the Warden of the Federal Medical Center at Devens.

    **IT IS SO ORDERED.**

_[signature]_

G. Ross Anderson, Jr.
Senior United States District Judge

June 18, 2015
Anderson, South Carolina